**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **BOBBY RAY JONES** | **CIVIL ACTION NO. 09-589-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Bobby Ray Jones ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on April 2, 2009. Petitioner is incarcerated at the Central Louisiana State Hospital in Pineville, Louisiana. He challenges his state court conviction. He names the Warden of the Central Louisiana State Hospital as respondent.

Petitioner claims he was charged with one count of first degree murder and four counts of attempted second degree murder in Louisiana's First Judicial District Court, Parish of Caddo. Petitioner claims that on February 1, 1989, he was found not guilty by reason of insanity and was committed to a term of six months to life.

In support of this petition, Petitioner alleges his confession was coerced.

For the reasons stated below, Petitioner's application for habeas relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

On June 11, 2009, this Court ordered Petitioner to provide documentary proof that he had exhausted his state court remedies prior to filing this petition. (Doc. 3). On June 23, 2009, Petitioner filed a response to this Court's memorandum order. Petitioner's response failed to provide documentary proof or even allege that he exhausted his state court remedies prior to filing this petition. Instead, Petitioner provided this Court with documentation regarding a claim with the Office of Veterans Affairs.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions that were accepted by the district court and not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 17th day of September, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE